Good morning, your honors. May it please the court. I'd like to reserve two minutes for rebuttal. Motion to reopen proceeding shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary materials. I think as we proceed we need to focus on that regulation and continuously comes up as we weave our way through the arguments. Petitioner in this case submitted a motion to reopen. He had gotten married after his case, after there was a final order of removal. He had married the wife of his three children that he had been with and he thereafter submitted a timely motion. That marriage certificate that was submitted as part of the motion to reopen was the precipient document that proved his eligibility for adjustment of status. He was also possibly entered undocumented or entry without an inspection, which would make him inadmissible. However, we also submitted evidence that he was 245i, grandfathered as we refer to in the practice, that his mother had filed a petition prior to the cutoff date and he was a derivative of that petition. We also submitted an I-213, which is a department... Am I understanding this correctly that the 245i issue is linked up with the adjustment of status based on the I-130, is that right? Yes, yes, yes, your honor. Okay, that's correct. Thank you. The 241i issue is a legal issue as to when he had to be, whether he had to be present or his mother had to be present. That's correct and that's where the board got it wrong. The BIA got that wrong and I don't understand the government should be defending that at all. Understood and I'll move on from that issue. So the other issue that the board denied on was basically discretion, but also I think an underlying legal error, which is holding the petitioner, the immigration respondent, to a burden to explain or even address an arrest that is untethered to a criminal conviction. And the respondent in this matter cites two cases. One is Matter of Marin, which is a board of immigration appeals case out of 1978 and I think Matter of Marin supports our position entirely. Number, on Matter of Marin, number seven, the recency, in the headings, the recency of a conviction and the fact of confinement are matters relevant to the consideration. I won't even go on. Conviction, that person had been found either guilty or had pleaded no contest. Right now, we're on the question is whether we should reopen. Underlying is the question of whether he would be granted adjustment of status on either of these two grounds and that would require an exercise of discretion, right, if you were otherwise eligible. That's correct. And to that determination, arrests might be relevant. Is that right? I'm arguing that arrests only, untethered to convictions, you can't, we, I'll point to the Fifth Amendment. There's a presumption of innocence here and if you've been arrested a hundred times and never, that's never been tied to a conviction, then how can we hold the petitioner, in this case, the immigration respondent, to explaining those arrests? That would be uncompromising. But ultimately, I thought those fairly usual, am I wrong about this, to rely on a long arrest record as a basis for exercising discretion, not to grant it. I suppose, I mean, one would hope there'd be some investigation. Judge Katzmann, we can't see you. Judge Katzmann here? I think he isn't, so let's turn off the clock and see what's happening. Richard, could you see what's happening? Yes, there we go. Okay, all right. Let's go back. I'm not sure this matters to immediate argument, but I did think that that arrest could be relevant at the abuse of discretion state, at the exercise of discretion state. I think maybe there's a scintilla of relevance, maybe a peppercorn of relevance, but I do not think that it can be, what the respondent is arguing is that we didn't submit facts to the regulation, facts that are supported by affidavits or other evidentiary material, and that I didn't properly address that criminal record. But there actually is a lot of information about the criminal record. That's correct, there is, and I just keep pointing to the fact that it's arrests only, and so anytime we have arrests which are untethered to criminal conviction, it puts a petitioner in a very precarious position. Should they write a declaration explaining what happened in those arrests and then open themselves up to waive their Fifth Amendment privilege against self-incrimination, or should they simply state, like we did in this petitioner's motion to reopen, that he has no inadmissible criminal convictions and that those are the best state period we can hold? The IJ or what else they wanted? No, never. What is your counsel, what is your, we've read your brief, but what is your home run case for the proposition that arrests untethered to convictions? We can't see you again. You can't see me? I can respond. I can hear the board. I was seeing a gesture or something, I don't know what we're seeing, but it's not you. Looks like we're seeing the top of it, things on the top of the table. Let me try this again, sorry. Judge Katzmann, it appears that you are using the camera on the back of the lap of your iPad as opposed to the front facing the camera. Okay, there we go. Sorry about that. All right. Okay. Some of your time has been taken up with this, so we'll give you a little extra time. Go ahead. I'm sorry. Yeah, what is your, thank you. Thank you, Collins. What is your home run case? So there is no case law on point in this situation, and so we have immigration judges and the Board of Immigration Appeals making decisions like this, compromising people's Fifth Amendment rights against self-incrimination. But listen, they didn't even say that. They didn't say the problem is we want to know more about what happened during these arrests. They didn't say what they want. They just said they wanted something else. There is nothing. When you have an arrest, I mean, we had the I-213. We had the FBI rap sheet. And I would really point to the court to the FBI rap sheet that shows arrests. There were convictions. It would be on a federal criminal history report. And I can point to the record for that record. But he did submit something stating that none of these resulted in convictions? Yes. In my motion to reopen, I made basically two statements regarding the criminal record. One is none of them have resulted in convictions. And the other is that none of them make him statutorily ineligible for that relief. He did have one conviction, right? No. I thought he had one conviction, but it wasn't for one that would have made him eligible for arrest. Oh, it may have been a traffic offense. It may have been a minor traffic offense. But these weapons arrests that the court relies on, that the board relies on, they're untethered to convictions. In response to Judge Katzman's inquiry— I thought he was convicted in October 2016 for firing a weapon and sentenced to 234 sentences. Is that not right? No, Your Honor. He has no convictions. No, he has no deportable convictions, but he had a conviction. I don't know if that matters either, but that's my understanding of the rest. Lastly, I'll just, with my—if I could hold two minutes for rebuttal. I know that the board doesn't have to write an exegesis on every point, but they didn't even address the fact that this petitioner has three children here in the United States, has been living here his entire life, and has a real family here, and something to lose. And we'll dismiss this case without even considering that. Okay, thank you very much. We'll give you a minute to have a rebuttal, because we need some of your guidance and knowledge as well. Okay, Ms. Jaroan. Yes, good morning, Your Honors. May it please the Court, Rhea Jaroan, on behalf of the Respondent and the Attorney General. I want to first respond to counsel's arguments, specifically with respect to the criminal record, the criminal history here. I want the Court to look at— Can you stop a minute, please? The BIA said that he wasn't eligible on his mother's 245, and that's incorrect. Is that correct? That's incorrect? The board erred on that particular analysis, but the— Did your brief say that they erred? No, it just kind of walked by it. The brief that I filed, Your Honor, discusses the fact that the discretionary denial is the dispositive issue here. I'm sorry. Under ACFR— Did you, in your brief, say that the board made a mistake and this is incorrect? No, you didn't say that? No. All right. I didn't bring it up because it's not the dispositive issue, Your Honor. The dispositive issue is the discretionary denial. The authority that the board has to discretionarily deny a motion to reopen under ACFR 10.3.28— If we reject that, then we would have to go and decide the other issue. I think that's Judge Berzon's point, that we would then need to know, and you didn't tell us and didn't admit that that was wrong, and it seems pretty clearly from the regulation in 1245.10 to be wrong. You do now admit that it is wrong, and so that we're down to just the one ground, and the case on appeal turns on that. Is that correct? The case on appeal turns on this issue because the board ultimately made a discretionary determination that was proper. It was not irrational. It was not contrary to law. I have a second question. There may be something wrong with your—or some way in which you're not hearing when we're asking questions, so try to slow down a little because you keep talking over me. I think it's probably the technology. Anyway, so the second question with regard to the discretion, I couldn't tell from your brief, and I couldn't really tell from the BIA opinion, whether your point is that because it's a motion to reopen, it's discretionary, so this kind of question about whether he made the record sufficiently is a basis for denying a motion to reopen, no matter what the underlying issue is, or is it because the underlying issue is discretionary, and he hasn't sufficiently made a prima facie case as to the likely exercise of discretion? They're not the same thing, and both the BIA and your briefs seem to mush them up. There are two levels of discretion, as your Honor mentioned earlier. There's the discretionary determination whether to grant adjustment of status, and then there's also the discretionary determination whether to grant or deny the motion to reopen. In this case, the Board focused on the discretionary denial of the motion to reopen itself, even if he was prima facie eligible for adjustment of status. So you think it's a basis for denying a motion to reopen, that although there is a substantial record on the criminal history, and there is a statement that he had no deportable arrests, and that seems, no portable convictions, and that seems to be sustained by the record, that that's not enough to make a prima facie case? My understanding is that the discretion on the is happened by what it is that he has to demonstrate. It's not that you can deny a motion to reopen because of something that's not relevant to whether you should reopen. If I may, your Honor, discretionary denial is based on his arrest history. The discretionary decision can be based on anything in the record. He does admit to having convictions both in his record of deportability, the I-213 document in the record that he submitted as part of his motion to reopen. All right. I had never understood and never seen a case that says that you can deny a motion to reopen, even if he makes a prima facie case that he might meet the underlying discretionary standards on the ground that you have something about you that the BIA doesn't care for. All he's trying to do is get the case reopened. At that point, they'll look at the authorities with regard to the underlying request for relief, but I had never seen, and I did not establish that you could deny a motion to reopen on a discretionary ground that doesn't go to whether the case should be reopened. It goes to whether there's something bad about it. Your Honor, to two issues. First, the regulation 1003.2a, as well as Del Mundo v. INS, which is a published case we cited in our brief, where it said, the board clearly faced its denial on Del Mundo's motion to reopen because he did not merit a favorable exercise of discretion. The court found the motion to reopen was properly denied because it was irrelevant whether or not he established a prima facie case of eligibility for discretionary relief. In this case, as in the regulation, the board- Excuse me. That sounds like what happened in that case is that the threshold question of eligibility for the underlying substantive relief was not relevant because even if that substantive relief were before the BIA, they wouldn't grant it. I think the question here is, can you just say, even though you have a prima facie case for the adjustment of status, we're not going to reopen because we don't feel like it. Is that the position? It's not tied to a discretionary determination on the underlying relief itself. That's not how I read the BIA order. It's, we're not going to reopen because you didn't make enough of the showing on the criminal record. The BIA is absolutely allowed to deny a motion to reopen based on a criminal record, despite the underlying application for relief, which is also discretionary. In this case, the board made it very clear that the criminal history was laid out. I just want to understand. So, if, say, it was some form of mandatory relief, and they had made a prima facie showing for mandatory relief, but it arises on a motion to reopen because the circumstances changed and the new circumstance for mandatory relief is now available, and they assert the motion to reopen. And the board can say, well, you have a lot of arrests. We don't like you. So, no, you're not going to, even though there's no discretion on the underlying relief. Is that your position? Mandatory relief is different because the board says clearly, even if the motion to reopen standard has a heavy burden. And here, Mr. Salas has not met his heavy burden because he is claiming he is inadmissible, but he has the burden to show that, and he has not. He has a history of firearms, controlled substances, and DUI. He has testified to his drug addiction. He has testified. He might ultimately have that burden, but on the motion to reopen, he has to show a prima facie case. And there is a bunch of documents in the record which show his criminal record, and none of them show a removable offense or an inadmissible offense. Is that right? Actually, controlled substances are inadmissible offenses. Controlled substances offenses are inadmissible. You do not need a conviction to be inadmissible. Under 811, 82, 82, you do not need a conviction. You need to have committed the act, not necessarily be convicted of it. Inadmissibility does not hinge on convictions. That is why the record... I mean, the BIA didn't say what it wasn't wanted. It said you have to... The record itself shows an arrest history in addition to his own testimony identifying he has been convicted. If you look at the I-213, if you look at his own testimony, if you look at the FBI rap sheet, that alone is sufficient. Mr. Salas and his counsel did not present any case law saying that arrests are insufficient for the board's denial of a motion to reopen as a discretionary matter. Can I ask you... Sorry. I'm sorry. Counsel, can I ask you a question? Certainly. And this goes back to some of the previous exchanges. The board says, in light of the respondent's failure to fully address his criminal record, we will not... We will also deny the motion as a matter of discretion. In terms of what actually happened here, right? Did the board come back to Mr. Salas and say, develop the record further? Mr. Salas filed a motion to reopen in which he just made a statement about inadmissibility without backing it up. The DHS found opposition providing actual documentation of his possible inadmissibility. He did not rebut that. He did not present any information otherwise. So based on that solely, the board had no other information in which to rely on. But did you ask him? There was testimony in the record of his conviction. The board's not required to I am. I'm having a really hard time with the technology here. I don't know if you can tell, but you're... I understand, Your Honor. You're cutting off... In any event, his conviction... He had no conviction on the record for a controlled substance, is that right? I'm sorry, Your Honor. What was the question? He had no conviction for a controlled substance, correct? He has already testified to having been convicted of a controlled substance arrest. He has that in his own record on page, and I will give you the exact page, page 190. He testified to doing years of drugs. I thought the only conviction was the one I just read you before. Sorry, which one was that, Your Honor? It was... October, 2016, for firing a weapon and resisting an officer, sentenced to two 30-day sentences. Is that... Yes, that was on page 93 of the record of deportability. For a controlled substance arrest. In the form I-213. Okay. But he does not need a conviction for a controlled substance. His controlled substance arrest... Just wait a minute. That's not a controlled substance offense, all right? That's correct, Your Honor. So where is there a conviction for a controlled substance offense? There is none, but you don't need one. But you said there was one. The indefensibility ground under USC 1182-A-2. I said that he has been convicted of a crime, which he shows in the record of deportability on page 93. You can go listen to the transcript afterwards. That's not what you said, but go ahead. I apologize, Your Honor. What I was trying... ...convicted, period. I don't have evidence he was convicted of a drug arrest, but you don't need the conviction for a drug arrest. You need the commission of a drug act, a controlled substance offense, under USC 1182. All right. Correct. That's why the record... All right. This isn't working, so I think we will stop. And it's not working because you can't hear us, I guess, because you keep talking when you're being asked a question. So why don't we stop and... A little bit of a delay, Your Honor. That's all. But I do want to add that there is an avenue of relief that he has not considered or taken. Even if Your Honors deny this petition for review, if he is claiming he really is inadmissible, he can proceed with consular processing. He can file an I-601A provisional waiver of his unlawful presence, as well as an I-212 consent for readmission, and he can then consular process within the country without having to leave the country and admit himself as a lawful permanent resident. USCIS is actually the agency that would be adjudicating those two forms. So if he really is claiming that he is not inadmissible, this petition does not change his one avenue of relief that I see in this matter. And again, the Board's discretionary denial stands because the Board relied on a lengthy resolution. Can I ask just one final question? Certainly. You concede that that conviction that we've discussed previously is the only conviction he has and that none of the others on the rap sheet resulted in convictions? I cannot speak to that because the FBI record only discusses arrests. There would need to be additional information that USCIS would have to garner from him through a request for evidence. If he were to apply for adjustment, USCIS would need to obtain additional evidence. And so they issue requests for evidence from petitioners in order to get the most updated and the most dispositive information about an arrest history. And then he can be determined whether he's eligible for adjustment or not. So in this moment, all I have is his arrest record as well as conviction for firing weapon and resisting officer on page 93. I can give you any more information than that. But the point is the Board doesn't have to have more information. The Board can rely just on the arrest history in its discretionary denial. All right. Thank you very much. Thank you, Your Honors. First off, I will point before you to the record. Can I just ask you a question about this rap sheet? Because, you know, I would have thought that it would show dispositions on it, but it does not show the disposition for the 2016. I assume the October 2016 conviction is from the August 2016 arrest, which is shown on the rap sheet with no disposition. So your whole presumption was that the rap sheet would show the conviction if it were there, but we seem to know that that's not true. So how is this a prima facie? Let me let me clarify that. So the record at 19 to 25 is the FBI rap sheet. The I-213, the DHS document is produced. The CBP officer or the ICE officer literally transcribes the FBI rap sheet over to the I-213 and mistakes can be made. So the best document here is the FBI rap sheet. That's what I'm asking the court to rely on. I'm saying the FBI rap sheet doesn't show the conviction and we know there is one. Excuse me. That's correct because he hasn't been convicted. No, the 2016 conviction. I don't think there's any evidence of a conviction in that FBI rap sheet. And that's the best document. Right. That's my that's my question is, is you're saying, well, hold on. You're saying that the rap sheet is prima facie evidence that there's no relevant convictions, but we have reason to question the rap sheet because it shows the arrest for the very same, which includes the very same charges that we see a conviction for in October 2016, but it doesn't show the conviction. And so this suggests maybe this rap sheet doesn't support that inference. That's my question. We have three pieces of evidence for the criminal record. We have the FBI rap sheet. We have the I-213. And we have this testimony that the respondent has brought up. I'm saying that the only reliable information here is the FBI rap sheet. So is it the 213 that says that he was convicted would have been based on the FBI rap sheet and it's wrong? Exactly. It is based on the FBI rap sheet. That's where they get that information. And also, I'll just point out, I still haven't heard to this day what more the board wanted or what respondent is arguing we could have submitted. Well, now I'm very confused. Are you saying that there wasn't a conviction in October 2016 at all? That's correct. And I'll also just point out that I don't want the issue to be confused here. The board is allowed to deny based on a criminal record, of course. But that has to do with convictions. And I'll point the court to the matter. I believe that the H.S. lawyer or BIA lawyer is correct that for a controlled substance offense, you don't have to have a conviction. You have to have the actual offense. You have to have committed the offense, but there doesn't have to be a conviction. Is that right? I believe it to be right. I believe you need a conviction. And if there is going to be some type of admission made, then I think that should not be something that should be decided on a motion to reopen. It should be something that should be decided at hearing. That's why- And all you're looking for is a reopening in which all of this can be figured out. That's correct. That's correct, Your Honor. And the last thing I'll say is that I think it's completely irrelevant that the respondent could theoretically apply for consular processing. That has nothing to do with why we're here. And again, the FBI rap sheet is the document we need to focus on for the criminal record. And that does not show any convictions. And we've been arguing since we filed the motion to reopen that he does not have any convictions. All right. Thank you very much. Thank you, Mr. Spaulding. You're on the story for the technological blips, which made it very difficult to articulate that with Ms. Delaware. So I'm sorry. The case of Sellers v. Barr is submitted, and the case of Langston v. Barr. Thank you, Your Honor.
judges: Berzon, Katzmann, Collins